IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BENTON, *et al.*,
    *Plaintiffs*,

v.

SPH 21, LLC, *et al.*,
    *Defendants*

No. 8:24-cv-2626-ABA

**OPINION AND ORDER**

This case arises out of a civil rights dispute between plaintiffs LaRay J. Benton and Georgia W. Benton (collectively, the "Plaintiffs") and defendants SPH 21, LLC, SPH Placements, LLC, Christopher J. Hayes, and Kendra Noyes (collectively, the "Defendants") involving a property located at 135 Saussy Road, Port Wentworth, GA 31407, and the Saussy Canal (collectively, the "Benton Property"). The Complaint alleges that Defendants violated Plaintiffs' rights by "knowingly taking, receiving, and/or conver[ting] [the Benton Property] without sale, consent, due process or just compensation and violating the Plaintiffs' civil rights, real property rights, water rights, mineral rights, and riparian rights associated with the Benton Property in bad faith and reckless disregard of damages and/or losses to the Plaintiffs or their heirs." ECF No. 1 at 10.

The Complaint can be construed as alleging that Defendants violated Plaintiffs' rights to due process under the Fifth Amendment and Fourteenth Amendment of the U.S. Constitution, committed an unlawful taking of the Benton Property, and knowingly concealed material facts, misrepresented information, and defrauded the U.S. and State of Georgia. *Id.* at 11-35. For the reasons that follow, however, the Complaint shall be dismissed without prejudice for improper venue.

Upon initial review, it is not clear the Complaint states a claim against the proper defendants or establishes this Court's jurisdiction. Regardless, the case is not filed in the correct venue. Title 28 U.S.C. § 1391(b) states, in pertinent part, that "[a] civil action may be brought in (1) a judicial district in which any defendant resides, if all defendants are residents of the States in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

Only one of the Plaintiffs, LaRay J. Benton, resides in the State of Maryland; Plaintiff Georgia W. Benton resides in the State of Georgia. ECF No. 1 at 9. All Defendants reside in the State of Georgia. *Id.* at 2-3. The events described occurred in Atlanta, Georgia. *Id.* at 1-5. Because Defendants and the events described in the Complaint are both located in Atlanta, Georgia, the proper venue to raise any potential claim is the Northern District of Georgia. Therefore, the case will be dismissed without prejudice to refile in the U.S. District Court for the Northern District of Georgia.[1]

Accordingly, it is hereby ordered:

1. Plaintiffs' Motions to Proceed in Forma Pauperis, ECF Nos. 2, 5, ARE GRANTED;

2. The Complaint is DISMISSED WITHOUT PREJUDICE;

3. The Clerk SHALL SEND a copy of this Order to Plaintiffs; and

---

[1] The Court declines to conduct a full screening of this Complaint pursuant to 28 U.S.C. § 1915(e), as the Complaint is clearly not filed in the correct venue. Because no filing fee has been paid, the Court finds it is not in the interests of justice to transfer the case rather than dismiss it without prejudice. Plaintiffs are free to refile their Complaint in the appropriate district.

4. The Clerk SHALL CLOSE this case.

Date: November 20, 2024

_____
Adam B. Abelson
United States District Judge